UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**SAMANTHA JACKSON ET AL**             **CASE NO.  2:21-CV-01364**

**VERSUS**                              **JUDGE JAMES D. CAIN, JR.**

**GARRISON PROPERTY & CASUALTY**        **MAGISTRATE JUDGE KAY**
**INSURANCE CO**

## MEMORANDUM RULING

Before the Court is a Motion to Confirm Appraisal Award and Motion for Partial Summary Judgment seeking Dismissal of Plaintiffs' Contractual Claims (Doc. 40) filed by Defendant Garrison Property and Casualty Insurance Company ("Garrison").

## STATEMENT OF FACTS

On August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana. On that same day, Plaintiff, Samantha Jackson filed a claim with her homeowner insurer, Garrison. The policy was in effect during the relevant time period.[1]

After inspections were made and the parties were unable to reach an agreement as to the damage caused by the hurricane, Garrison invoked the appraisal process under the terms of its policy.[2] On April 7, 2021, each appraiser signed an Appraisal Award and agreed to the valuation of damages as a result of Hurricane Laura.[3] On April 16, 2021, Garrison issued a combined supplemental payment of $139,450.66 for Emergency Water Mitigation and Coverages A, B, and C calculated as follows:

---

[1] Exhibit A-1 attached to Defendant's exhibit A.
[2] *Id.* ¶¶ 33 and 34.
[3] Defendant's exhibit A, ¶ 31; Defendant's exhibit A.13, Appraisal Award.

| | |
|---|---:|
| RCV Appraisal Award | $166,912.07 |
| Windstorm Deductible | (5,220.00) |
| Non-Recoverable Depreciation | (1,503.78) |
| Prior Coverage A&B Payments | (20,737.63) |
| | $138,450.66[4] |

On August 17, 2021, Plaintiffs sold the property "AS IS" for $165,000.00.

The policy contains an "appraisal clause," the last paragraph of which includes a sentence which states that the appraisal award will be binding on both parties. The Louisiana Special Endorsement attached to the policy specifically deletes that paragraph and replaces it with a paragraph which deletes the sentence stating that the appraisal award will be binding.[5]

Garrison is requesting that the Court enter a judgment confirming the Appraisal Award.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

---

[4] Defendant's exhibit A, ¶ 34; Defendant's exhibit A.14, *in globo*, April 15, 2021 Letter and April 16, 2021 check; Defendant's exhibit B.
[5] Plaintiff's exhibit B and B-1; Defendant's exhibit A-1.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

Garrison asserts that there are no legitimate grounds to challenge the enforcement of the Appraisal Award and argues that it has paid Plaintiffs all contractual sums due under the policy. Therefore, Garrison moves to confirm the Appraisal Award and dismiss any additional contractual damages Plaintiffs are seeking. Garrison identifies and relies on the following payments it made to Plaintiffs:

| | | |
|---|---|---|
| 8/27/2020 | $ 500.00 | Food spoilage |
| 9/25/2020 | $ 19,609.90 | Coverage A&B[6] |
| 9/28/2020 | $ 3,430.00 | Coverage B (ALE)[7] |
| 10/15/2020 | $ 350.33 | Supplemental Coverage A[8] |
| 10/27/2020 | $ 777.40 | Supplemental Coverage A[9] |
| 12/29/2020 | $ 15,840.00 | Coverage D[10] |
| 4/16/2021 | $139,450.66 | Supplemental Coverage A[11] |

In response, Plaintiffs argue that the Appraisal Award is not binding, and further remark that they do not intend to argue that they are entitled to contractual damages over the amount paid by Garrison after the Appraisal Award. However, Plaintiffs do contend that they are entitled to recover bad faith penalties and attorney fees pursuant to Louisiana Revised Statutes 22:1892 and 22:1973. Garrison does not dispute that a claim for bad faith penalties and attorney fees remains.[12]

In *Louisiana Bag Co., v. Audubon Indem. Co.*, 999 so.2d 1104, 1116 (La.12/2/08), the Supremt Court explained:

> In sum, an insurer need not pay a disputed amount in a claim for which there are substantial, reasonable and legitimate questions as the extent of the insurer's liability or of the insured's loss. However, an insurer must pay any undisputed amount over which reasonable minds could not differ. Any insurer who fails to pay said undisputed amount has acted in a manner that

---

[6] Following 9/2/20 inspection.
[7] Information received 9/21/20 and 9/28/2020.
[8] HVAC.
[9] HVAC.
[10] 6-month lease received 12/10/2020.
[11] Based on Appraisal Award entered 4/7/2021.
[12] Defendant's Reply in support t of Motion to Confirm, Doc. 49, p. 3.

> is, by definition, arbitrary, capricious or without probable cause, and will be subject to penalties therefore on "the difference between the amount paid or tendered and the amount found to be due."

*Id.* at 1116.

Hence, the issue is whether Garrison's initial tender under Coverage A was less than the amount "over which reasonable minds could not differ." *Id.* at 1118. Plaintiffs contend that additional tender was made many months after satisfactory proof of loss because Garrison had satisfactory proof of loss when it inspected the property on September 8, 2020. Plaintiffs remind the Court of a recent ruling wherein this Court held that "there are other issues to be resolved in this case such as alleged penalties and attorney's fees." *Crador v. Allied Trust Insurance Co.*, 2022 WL 1529694 (W.D. La. 2022).

The Court finds it unnecessary to rule on whether or not the Appraisal Award is binding or not binding, considering that Plaintiffs are not seeking additional contractual damages. To that end, there is no dispute that Plaintiffs' contractual claims should be dismissed. However, there is a genuine issue of material fact as to whether or not Garrison was in bad faith in handling the claim, potentially entitling Plaintiffs to bad faith penalties and attorney fees.

## **CONCLUSION**

For the reasons set forth herein, the Court will deny as moot the Motion to Confirm Appraisal Award and grant the Motion for Partial Summary Judgment as to Plaintiffs' claim for contractual damages. The Court acknowledges that Plaintiffs have admitted that there is no claim for contractual damages, and the only remaining claim to be tried is for

bad faith penalties and attorney fees pursuant to Louisiana Revised Statutes 22:1892 and 22:1973.

    **THUS DONE AND SIGNED** in Chambers this 16th day of June, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**